UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL F. WILLIAMS,

        Plaintiff,

        v.                                           Case No. 19-C-1873

KENNY DAY, AUDREY BUCHER,
TERESA WIEGAND,

        Defendants.

## SCREENING ORDER

Plaintiff Darnell F. Williams, who was incarcerated at Racine Correctional Institution at the time of the incident and is currently incarcerated at Milwaukee County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Williams' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Williams has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Williams has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $16.54. Williams' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

Williams alleges that on October 23, 2019, he was drying off after having showered when Sergeant Kenny Day walked in on him while he was naked. Williams claims that Sergeant Day entered the shower to remove a plastic bag that was behind Williams. Williams then exited the shower and attempted to report what he alleges was a "PREA" [Prison Rape Elimination Act] incident, but Sergeant Day cut the phone off. Williams claims he wrote an inmate complaint

about the incident, but never received a response before he was released from the custody of Racine Correctional Institution on November 13, 2019.

Williams also claims that correctional officer Audrey Bucher and unit manager Teresa Wiegand punished him for reporting the incident and allowed him to be harassed multiple times by Sergeant Day. He seeks damages of $300,000 for sexual harassment, harassment, invasion of privacy, and emotional distress.

### THE COURT'S ANALYSIS

The Seventh Circuit has recognized that prisoners, while not enjoying the same scope of constitutional protections afforded to the greater public, do retain some rights under the Fourth Amendment. *See Peckham v. Wisconsin Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998). These Fourth Amendment rights are significantly limited, however, by legitimate penological and security concerns. *See King v. McCarty*, 781 F.3d 889, 900 (7th Cir. 2015). This requires "[b]alancing the significant and legitimate security interests of the institution against the privacy interests of the inmates." *Bell v. Wolfish*, 441 U.S. 520, 560 (1979). Within a prison cell, the Supreme Court has found that a prisoner does not have a subjective expectation of privacy under the Fourth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Observation of a prisoner outside his or her cell is also "a form of search" and "the initial question therefore is whether monitoring is 'unreasonable' under the fourth amendment." *Johnson v. Phelan*, 69 F.3d 144, 145 (7th Cir. 1995).

Here, Williams has not stated facts to suggest Sergeant Day's removal of a plastic bag from the shower was unreasonable or a violation of his privacy rights under the Fourth Amendment. As the court explained in *Johnson*,

3

> monitoring of naked prisoners is not only permissible—wardens are entitled to take precautions against drugs and weapons (which can be passed through the alimentary canal or hidden in the rectal cavity and collected from a toilet bowl)—but also sometimes mandatory. Inter-prisoner violence is endemic, so constant vigilance without regard to the state of the prisoners' dress is essential. Vigilance over showers, vigilance over cells—vigilance everywhere, which means that guards gaze upon naked inmates.

69 F.3d at 146.

This holding is fatal to Williams' Fourth Amendment claim. If observing an inmate in the shower does not state a Fourth Amendment claim, then neither does a guard's entry to remove potential contraband. Williams does not allege that Sergeant Day entered the shower for any reason but to remove the plastic bag. He does not claim that Day touched him, or even looked at him when he picked up the plastic bag. Nor does Williams suggest that Sergeant Day was monitoring him in a manner inconsistent with maintaining a legitimate security interest. Williams therefore fails to state a claim that his rights under the Fourth Amendment were violated.

Williams also claims that he suffered a PREA violation. However, he does not have a private right of action under the PREA, 42 U.S.C. § 15601 *et seq.* In order to seek redress through § 1983, "a plaintiff must assert the violation of a federal right not merely a violation of federal law." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "[W]here the text and structure of a statute provides no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). While the purpose of the PREA is to reduce the occurrence of rape and sexual abuse in prisons, nothing in the language of the statute suggests that it was intended to create a private right of action. *Rivera v. Drake*, No. 09-CV-1182, 2010 WL 1172602, at *3 (E.D. Wis. Mar. 23, 2010). Thus, Williams' allegation that he suffered a PREA violation does not state a claim.

4

Williams also asserts that prison officials retaliated against him for reporting the alleged PREA violation. To prevail on a § 1983 claim of First Amendment retaliation, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). An inmate's attempt to report a grievance about an alleged offense is activity protected by the First Amendment. *Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016); *Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.").

Williams has offered only conclusory allegations that he faced retaliation because he made an inmate complaint. He alleges that Corrections Officer Audrey Bucher and Unit Manager Teresa Wiegand "both punished me for reporting PREA and allowed me to be harassed by Kenny Day multiple times." Dkt. No. 1 at 3. This is not enough to state a clam for retaliation. The allegation that these defendants "punished him" is a conclusion. The complaint fails to allege what these defendants did to him, or allowed Day to do, that constitutes retaliation or punishment for filing a complaint. Absent specific allegations as to what they did, and when and where they did it, the complaint fails its essential purpose of providing notice to the defendants of Williams' claim against them.

Williams' complaint will therefore be dismissed for failing to state a plausible claim against the defendants, but the dismissal is not final. If Williams wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. The

amended complaint must be filed on or before **March 2, 2020**. Failure to file an amended complaint within this time period will result in dismissal of this action.

Williams is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Williams' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 2, 2020**, Williams shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $333.46 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located. Copies of this order should also be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53202.

**IT IS FURTHER ORDERED** that Williams shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Williams is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Failure to keep the Clerk informed of any change in address may also result in dismissal.

Dated at Green Bay, Wisconsin this 27th day of January, 2020.

>s/ William C. Griesbach
>William C. Griesbach, District Judge
>United States District Court