UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL F. WILLIAMS,

        Plaintiff,

        v.                          Case No. 19-C-1873

KENNY DAY, et al.,

        Defendants.

**ORDER DENYING MOTION TO RECRUIT COUNSEL**

    Plaintiff Darnell F. Williams, who is currently housed at the Milwaukee County House of Correction and representing himself, filed this civil rights action against Defendants, alleging that the he was sexually assaulted by Day and retaliated against by all defendants. This case is before the court on Plaintiff's motion to recruit counsel. Plaintiff states that he is uneducated and unable to litigate the claims on his own. For the following reasons, Plaintiff's motion will be denied.

    Civil litigants do not have a constitutional or statutory right to have an attorney represent them. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("We begin with the fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). District courts have the discretion to recruit counsel for individuals unable to afford counsel in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th

Cir. 2014)). In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). But these are not the only factors that the court may consider in deciding whether to undertake the effort to recruit counsel.

As the Seventh Circuit recently noted, the district court's "decision to try to recruit counsel can and should be informed by the realities of recruiting counsel in the district." *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020). Noting the difficulties district courts face in recruiting pro bono counsel to devote the time, effort, and likely expense required to represent a prisoner from discovery through jury trial, the court explained:

> District courts are thus inevitably in the business of rationing a limited supply of free lawyer time. Nothing in *Pruitt* or our other cases on recruiting counsel prohibits a judge from using available information and the judge's experience to assess the importance and potential merits of the case and to assign priority accordingly. A judge might reasonably decide to give priority to a prisoner who makes a plausible claim that necessary surgery is being delayed unreasonably over another prisoner's claim that a much less serious condition was ignored.

*Id.*; *see also William v. Reyes*, 800 F. App'x 440, 443–44 (7th Cir. 2020) ("[I]n light of the scarcity of volunteer lawyers, the district court was entitled to view the needs of pro se litigants in the district as a whole and to exercise its discretion to determine which cases warranted the outlay of judicial resources in attempting to recruit counsel." (citation omitted)). In other words, the court must decide on a case-by-case basis whether a particular plaintiff should benefit from the limited resources of lawyers willing to represent a pro se litigant at the court's request.

Plaintiff has made reasonable efforts to secure private counsel on his own, but he has not demonstrated a need for court-recruited counsel at this time. Plaintiff's claims are straightforward

2

and rely upon well-established principles of law. At this stage of the litigation, Plaintiff needs only to be able to tell his version of the facts, not cite legal theories. The record demonstrates that Plaintiff is capable of explaining his version of events, and Plaintiff has offered no reason to believe that he is not capable of doing so. In light of the nature of Plaintiff's claims, the court concludes that this case does not warrant court recruited counsel at this time. Therefore, Plaintiff's motion for recruitment of counsel (Dkt. No. 27) is **DENIED**. The denial is without prejudice, however, and Plaintiff may ask the court at a later stage in the litigation to consider appointing counsel.

      **SO ORDERED** at Green Bay, Wisconsin this 30th day of October, 2020.

                                      s/ William C. Griesbach
                                      William C. Griesbach
                                      United States District Judge